IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50089
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED B. GOWENS, JR., and JANET CAMPBELL,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CR-86-5

_____

October 5, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Fred B. Gowens and Janet Campbell appeal their convictions and sentences for conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Gowens argues that his consent to search his Corvette was not voluntary because at the time he consented, he was handcuffed and surrounded by police officers who had their weapons drawn. The record does not support the assertion that the officers had their weapons drawn. Nor does it appear from the totality of circumstances reflected in the record that Gowens gave consent

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under duress. See Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). Detention does not preclude a finding of true and voluntary consent. United States v. Allison, 616 F.2d 779, 782-83 (5th Cir. 1980). The district court did not clearly err in finding the requisite consent to search. See United States v. Jones, 475 F.2d 723, 729 (5th Cir. 1973).

Gowens challenges the admissibility at trial of the ephedrine seized from his Corvette during the search. He argues it was not relevant to the conspiracy because it was discovered more than three months after the end date of the conspiracy. He also contends, despite its being found in his Corvette, there was no reliable link between him and the ephedrine. The record indicates that Gowens was the only person to drive the Corvette, and that it was parked in his girlfriend's driveway at the time of the search. Gowens's possession of ephedrine, a precursor to methamphetamine, was directly intertwined with the charge of conspiracy to manufacture and distribute methamphetamine. See United States v. Coleman, 78 F.3d 154, 156 (5th Cir. 1996). Because the ephedrine was "inextricably intertwined" with the charged conspiracy, it was not subject to Fed. R. Evid. 404(b), and was admissible. See United States v. Navarro, 169 F.3d 228, 232-33 (5th Cir. 1999).

Gowens's final argument is that he should not have been assessed, pursuant to U.S.S.G. § 3B1.1(c), a two-level sentencing adjustment for his leadership role in the offense. Gowens's recruitment of Tracey Schad, his planning of Schad's trip to

Houston to purchase supplies, and his financial backing of her purchase of supplies for making methamphetamine indicate that he had control over Schad and that he had decision-making authority, including directing another to facilitate the criminal offense. See United States v. Gonzalez, 76 F.3d 1339, 1345 (5th Cir. 1996).

Gowens's argument that Schad was an unreliable witness is unavailing. Schad was subject to extensive cross-examination at trial, and Gowens has failed to demonstrate that her testimony regarding his role in the offense was untrue, inaccurate, or unreliable. See United States v. Young, 981 F.2d 180, 185 (5th Cir. 1992). Gowens's argument that he had insufficient means to finance the trip to Houston and the purchase of supplies is equally unavailing. Gowens owned a Corvette, a Honda, a Chevrolet pickup truck, and a Porsche that he gave to Schad. The record supports his financial ability to finance the manufacture of methamphetamine.

Campbell argues that the evidence at trial was insufficient to support her conviction, and her counsel was therefore ineffective for failing to move for a judgment of acquittal at the close of the government's case, or at the close of all evidence. Campbell admitted that she had previously sold methamphetamine for coconspirator, Jackie Haley, and she admitted knowledge of the manufacturing going on in her home, which made the circumstances surrounding her purchase of Equate pills for Haley very suspicious. Schad testified that she had provided chemicals to Campbell and

3

Gowens for the purpose of manufacturing methamphetamine.  From the evidence, the jury could have inferred that Campbell was not only present at the scene, but knowingly participated in the manufacture and distribution of methamphetamine with her coconspirators.  <u>See</u> <u>United States v. Rosalez-Orozco</u>, 8 F.3d 198, 201 (5th Cir. 1993).  Accordingly, Campbell cannot show that if counsel had moved for a judgment of acquittal, the motion would have been granted on the basis of insufficiency of evidence.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 689-94 (1984); <u>Burston v. Caldwell</u>, 506 F.2d 24, 28 (5th Cir. 1975).

A F F I R M E D.